UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
DOCKET NO. 3:19-cv-00231-FDW

ALLEN MARSHELL MCCALL, JR.,            )
                                        )
            Petitioner,                 )
                                        )
vs.                                     )
                                        )            ORDER
UNITED STATES OF AMERICA,               )
                                        )
            Respondent.                 )
                                        )
_____ )

THIS MATTER is before the Court on Petitioner's Petition for Writ of Habeas Corpus Under 28 U.S.C. § 2241.  (Doc. No. 1).

## I. BACKGROUND

On November 2, 2006, a jury found Petitioner Allen Marshell McCall Jr. ("Petitioner") guilty of conspiring to possess with intent to distribute powder and crack cocaine in violation of 21 U.S.C. §§ 841 and 846.  (3:05-cr-104, Doc. No. 381).  The jury found that at least 5 kilograms of cocaine and at least 50 grams of crack cocaine were reasonably foreseeable to Petitioner during the course of his participation in the conspiracy.  (3:05-cr-104, Doc. No. 381 at 3).  The United States notified the Petitioner and the Court in accordance with 21 U.S.C. § 851 that it intended to seek an enhanced penalty based on Petitioner's prior conviction for a "felony drug offense"—his possession with intent to sell or deliver cocaine in May of 2003.  (3:05-cr-104, Doc. No. 179).

Prior to sentencing, the probation officer prepared a presentence report ("PSR"), calculating Petitioner's total offense level as 32 and his criminal history category of III, resulting in an advisory Guidelines range of between 151 months and 188 months imprisonment.  (3:05-cr-104, Doc. No. 617, p. 23).  The probation officer also noted that Petitioner was subject to a statutory

mandatory-minimum sentence of 240 months in prison because he had previously been convicted of a felony drug offense.  Id.  At sentencing, the Court adopted the PSR and sentenced Petitioner to the statutory minimum term of 240 months imprisonment and the minimum ten-year term of supervised release.  (3:05-cr-104, Doc. No. 507).  Petitioner timely appealed and the Fourth Circuit affirmed this Court's judgment.  States v. McCall, 332 F. App'x 49, 50 (4th Cir. 2009).

Subsequent to Petitioner's direct appeal, the Fourth Circuit decided United States v. Simmons, 649 F.3d 237 (4th Cir. 2011).  In Simmons, the Fourth Circuit overturned previous circuit decisions and held that in deciding whether an offense qualifies as a "felony drug offense" for purposes of § 841(b)(1), a district court must look not to the maximum sentence that North Carolina courts could have imposed for a hypothetical defendant who was guilty of an aggravated offense or had a prior criminal record, but instead to the maximum sentence that could have been imposed on a person with the defendant's actual level of aggravation and criminal history.  Id. at 241.  The basis for this change in circuit precedent was the United States Supreme Court's decision in Carachuri-Rosendo v. Holder, 560 U.S. 563 (2010).  Approximately one year after the Simmons decision, the Fourth Circuit, in United States v. Powell, held that the rule announced in Carachuri, and applied in Simmons, was procedural, not substantive, and therefore did not apply retroactively.[1]  United States v. Powell, 691 F.3d 554, 559–60 (4th Cir. 2012).

On August 12, 2012, Petitioner filed a § 2255 motion contending that he was entitled to relief under Simmons, 649 F.3d 237 (4th Cir. 2011).  (3:12-cv-501, Doc. No. 1).  Petitioner argued that the Fourth Circuit's holding in Simmons demonstrates that his prior state felony drug conviction did not qualify him for a section 851 sentencing enhancement.  (3:12-cv-501, Doc. No.

---

[1] While Powell did not expressly address the retroactivity of Simmons on collateral review, subsequent rulings by the Fourth Circuit indicated that, like Carachuri, Simmons is not applicable retroactively on collateral review.  See United States v. Peters, 2013 WL 1943801, at *1 (4th Cir. 13 May 2013) ("In Powell, we held that [Carachuri], and by extension, [Simmons], were not retroactively applicable.").

1 at 2–3).  This Court denied Petitioner's motion, holding, in accordance with the Fourth Circuit's decision in Powell, that Petitioner was not eligible for relief under § 2255.  (3:12-cv-501, Doc. No. 2, pp. 4–5).

In August 2013, the Fourth Circuit decided Miller v. United States, 735 F.3d 141 (4th Cir. 2013), and held that Simmons was a new rule of substantive criminal law that applied retroactively to cases on collateral review.  The Fourth Circuit reaffirmed the retroactivity of Simmons in its recent decision in United States v. Wheeler, 886 F.3d 415 (stating that, in accordance with Miller, "Simmons applies retroactively on collateral review").

Petitioner filed the instant petition before the Court under 28 U.S.C. § 2241, challenging his sentence under the Fourth Circuit's decisions in Simmons and Wheeler.  (3:19-cv-231, Doc. No. 1, p. 1).  Petitioner argues that under these decisions, his prior state conviction does not qualify as a "felony drug offense."  (3:19-cv-231, Doc. No. 1 at 3).  Petitioner requests that this Court vacate his sentence and impose a reduced sentence of time served and a supervised release term of five years or, in the alternative, vacate his sentence and schedule a resentencing hearing.

## II. LEGAL STANDARD

Petitioner challenges the legality, not the execution of his sentence.  "[I]t is well established that defendants convicted in federal court are obliged to seek habeas relief from their convictions and sentences through [28 U.S.C.] § 2255."  Rice v. Rivera, 617 F.3d 802, 807 (4th Cir. 2010).  When a federal prisoner is barred from seeking habeas relief through § 2255, he may still seek a writ of habeas corpus pursuant to 28 U.S.C. § 2241 through § 2255's savings clause, § 2255(e), which is available when a § 2255 motion "proves inadequate or ineffective to test the legality of . . . detention."  In re Jones, 226 F.3d 328, 333 (4th Cir. 2000).  Section 2255 is inadequate and ineffective to test the legality of a sentence when:

> (1) at the time of sentencing, settled law of [the Fourth Circuit] or the Supreme Court established the legality of the sentence; (2) subsequent to the prisoner's direct appeal and first § 2255 motion, the aforementioned settled substantive law changed and was deemed to apply retroactively on collateral review; (3) the prisoner is unable to meet the gatekeeping provisions of § 2255(h)(2) for second or successive motions; and (4) due to this retroactive change, the sentence now presents an error sufficiently grave to be deemed a fundamental defect.

United States v. Wheeler, 886 F.3d 415, 429 (4th Cir. 2018) (citation omitted).

## III. ANALYSIS

Here, the only prong of the Wheeler test at issue is the second prong. Wheeler's second step asks whether "subsequent to the prisoner's direct appeal and first § 2255 motion, the aforementioned settled substantive law changed and was deemed to apply retroactively on collateral review." Id. To satisfy the second prong under the Wheeler test, the Fourth Circuit explained that

> "[The substantive] change in law must have been made retroactive on collateral review. Otherwise, the prisoner would not be able to 'test the legality of his detention' in a § 2241 proceeding, which is the ultimate goal of the savings clause. *And the retroactive change could not have occurred before direct appeal or the initial § 2255 petition.* This is in harmony with Jones and honors the savings clause's requirement that the § 2255 motion be inadequate or ineffective.

Wheeler, 886 F.3d at 429 (emphasis added). Applying these principles to the facts in Wheeler, the Fourth Circuit held that the petitioner satisfied the second prong because the Simmons decision did not become retroactive on collateral review until after the petitioner's § 2255 motion. Id. This Court finds that the same holding is warranted in the case at hand.

Like the petitioner in Wheeler, Petitioner was not able to take advantage of the Simmons decision when he filed his initial § 2255 motion because Simmons was not deemed to apply retroactively on collateral review at the time of Petitioner's initial § 2255 motion.[2] See id.; but see

---

[2] The Court notes that while the petitioner in Wheeler and Petitioner in this instant invoked Simmons at different stages in their respective cases, both petitioners were denied relief under Section 2255 because Simmons had not been declared retroactive.

Jones v. Warden, FCI Allenwood, No. 1:15-cv-13133, 2018 WL 4698493, at *5 (S.D.W. Va. Aug. 16, 2018), report and recommendation adopted, No. CV 1:15-13133, 2018 WL 4686442 (S.D.W. Va. Sept. 28, 2018) (finding that petitioner was ineligible for § 2241 relief because Simmons became retroactive while the petitioner's § 2255 motion was pending).  Here, Petitioner filed his direct appeal on December 21, 2007 and his first § 2255 motion on August 12, 2012.  Simmons, as indicated above, was decided on August 17, 2011, but was not recognized as retroactive on collateral review until Miller, which was decided on August 21, 2013, after Petitioner's § 2255 motion had been adjudicated.  Because Petitioner's § 2241 petition relies on a retroactively applicable change in substantive law subsequent to his direct appeal and first § 2255 motion, he satisfies the second prong.  See Wheeler, 886 F.3d at 429.  Accordingly, the Court finds that Petitioner has satisfied the savings clause criteria for prong two under Wheeler.

The Government contends that Petitioner is not entitled to relief under the savings clause because the substantive change in the law he relies upon—Simmons—was decided before, not after, Petitioner filed his § 2255 motion.  (Doc. No. 5, pp. 4–7).  Thus, under the Government's interpretation of the statute, even though Simmons was of absolutely no legal use to Petitioner when he filed his first § 2255 petition, the mere existence of the Simmons decision precludes Petitioner from seeking relief under the new, changed retroactive rule.  To adopt the Government's interpretation of the statute and deny Petitioner the opportunity to test the legality of his detention in a § 2241 proceeding under the circumstances at hand would fly in the face of the Supreme Court's pronouncement that "the privilege of habeas corpus entitles the prisoner to a *meaningful* opportunity to demonstrate that he is being held pursuant to the erroneous application or interpretation of relevant law."  Boumediene v. Bush, 553 U.S. 723, 779 (2008) (emphasis added) (internal quotations omitted).  Because Petitioner was unable to take advantage of Simmons'

retroactivity at the time of Petitioner's initial § 2255 motion, the Court finds that the § 2255 petition was inadequate, and that Petitioner is entitled to relief under § 2241.

Petitioner was subject to a statutory mandatory minimum of 20 years in prison and 10 years of supervised release based on a prior conviction that no longer constitutes a "felony drug offense" and cannot support an enhancement under 21 U.S.C. § 841(b)(1)(A). (3:05-cr-00104, Doc. No. 863, p. 3). Petitioner argues, and the Government does not dispute, that without the prior "felony drug offense" conviction, Petitioner would have been subject to a mandatory Guideline range of between 121 and 151 months in prison. (3:05-cr-00104, Doc. No. 863 at 2). The Government also does not dispute that prongs one, three and four of the _Wheeler_ test are met. As such, Petitioner is entitled to sentencing relief under _Wheeler_.

Petitioner is currently set to be released from his custodial term of imprisonment on November 17, 2022. (3:05-cr-00104, Doc. No. 863 at 3). Petitioner has credit for at least 184 months in BOP custody. Because Petitioner is entitled to relief under § 2241, the Court will amend Petitioner's judgment, sentencing Petitioner to time served plus five days and reducing Petitioner's term of supervised release from ten (10) years to five (5) years.

## IV. CONCLUSION

For the reasons stated above, the Court GRANTS Petitioner's § 2241 petition.

IT IS THEREFORE ORDERED that:

1. Petitioner's petition under 28 U.S.C. § 2241 (Doc. No. 1) is GRANTED.

2. Petitioner's commitment to custodial authorities is reduced to time served plus five (5) days, and Petitioner's subsequent term of supervised release is reduced from ten (10) years to five (5) years.

3. The Clerk of Court will certify copies of this Order to the U.S. Bureau of Prisons, U.S. Marshals Service, and U.S. Probation and Pretrial Services Office.

IT IS SO ORDERED.

Signed: August 20, 2019

Frank D. Whitney
Chief United States District Judge